# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                              **Case No. 06-CR-336**

**BRIJIDO AGUILERA**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Brijido Aguilera conspired with his son and others to distribute 500 grams or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. The parties agreed that defendant should be held responsible for 500 grams to 2 kilograms of cocaine, which produced a base offense level of 26 under the sentencing guidelines. U.S.S.G. § 2D1.1(c)(7). The parties further agreed that defendant qualified for a 2 level reduction under the safety valve provision, § 2D1.1(b)(11), and a 3 level reduction for acceptance of responsibility, § 3E1.1, for a final offense level of 21. Coupled with his criminal history category of I, defendant faced an imprisonment range of 37 to 46 months under the guidelines. Defendant requested a non-guideline sentence of time-served (about 10 months) or alternately a year and a day in prison. While I agreed that a sentence below the range was warranted in this case, I found defendant's recommendation insufficient. I instead imposed a sentence of 24 months. This memorandum contains written reasons for the sentence.

### I.

In imposing sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute does not attach specific weights to these factors, leaving the sentencing court with significant discretion. United States v. Beier, 490 F.3d 572, 574 (7th Cir. 2007). While the court must give respectful consideration to the guidelines' recommendation, it may not elevate the guidelines above the other statutory factors. See, e.g., Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Schmitt, 495 F.3d 860, 864-65 (7th Cir. 2007). Ultimately, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S. Ct. 558, 570

2

(2007).

## II.

In August 2005, the government began investigating a cocaine distribution organization in the Waukesha, Wisconsin area, which led to the issuance of several wiretaps, including one for the phone of Javier Aguilera, defendant's son and one of the primary participants in the conspiracy. The government intercepted numerous drug-related conversations between the two, pursuant to which it learned that defendant delivered cocaine and collected drug money in connection with his son's drug business. The government further learned that defendant possessed his own source for cocaine and at times obtained larger quantities, which he sold and shared with Javier. In addition, defendant participated in several controlled buys with his sons-in-law, Leonardo Urbina and Federico Meza, prior to initiation of the wiretaps. In December 2006, the government executed a warrant at defendant's residence, arrested him and seized 500 grams of cocaine.

In his version of the offense, defendant claimed that he became involved in this activity after Javier advised him that he owed a drug debt of $10,000 to some dangerous individuals. Defendant stated that he was worried about his son but did not want to use family savings to pay the debt, which would have alerted his wife, so he agreed to help Javier sell drugs to pay off the debt, with Javier promising to leave the drug trade after the debt was paid. The government disputed defendant's assessment of his motive and role, and I noted the lack of supporting evidence. In any event, this was certainly not a good response from a father confronted by illegal activity on the part of his son. Defendant noted that he had no previous involvement in drug activity and always supported his family by legitimate means. The record did support this contention, as defendant had no prior criminal record and a solid employment

3

history.

At age fifty-three, this case represented defendant's first contact with the criminal justice system. Defendant was born in Mexico and came to this country in 1971, becoming a legal resident.[1] He married in 1975, and he and his wife shared four children, one a minor. He appeared to enjoy a close relationship with his family, and his wife spoke highly of him at sentencing. Defendant and his family settled in the Waukesha area in 1976 and later purchased a home. Defendant maintained steady employment, despite his lack of formal education, working as a welder for Advance Boiler and Tank Company from 2001 to 2007, earning $19.50/hour, sometimes working up to 84 hours a week. From 1984 to 2001, he worked as a welder for Lannon Tank, earning $14/hour. Both employers provided positive letters about defendant and indicated that they would take him back. Defendant admitted some past use of alcohol and cocaine, but all thirty-two of his drug screens while on pre-trial release were negative.

As noted, the guidelines recommended 37-46 months in prison in this case, but defendant requested a significantly lower term. I agreed that a below-range sentence could satisfy the purposes of sentencing but found defendant's suggestion insufficient. Particularly, I found it insufficient to provide just punishment given the seriousness of the offense and the extent of defendant's involvement in the drug trade.

I accepted that defendant's involvement stemmed at least in part from his relationship with his son. However, I did not give significant weight to this argument based on the lack of evidentiary support for defendant's contentions as to his motive. The recorded calls showed

---

[1] He nevertheless faced possible removal based on this conviction.

4

that defendant willingly participated in drug dealing, and his participation was not slight.

Nevertheless, defendant did not present as the typical drug dealer. The record contained no suggestion that he profited in any significant way, or of any violence, weapon possession or threats associated with the offense. I also took into account the substantial financial penalty defendant suffered, a $15,000 payment in lieu of forfeiture of his house. Therefore, although the nature of the offense demanded significant incarceration, I found a somewhat below-range sentence sufficient to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Further, given defendant's age, lack of any prior criminal record and otherwise positive character, I found a below range sentence sufficient to protect the public and deter defendant from re-offending. Unlike some who qualify for the safety valve, defendant was a true first-time offender, not just someone with 1 criminal history point or less. Statistically, the rate of recidivism for such defendants is quite low, see United States v. Germosen, 473 F. Supp. 2d 221, 227 (D. Mass. 2007) (citing studies), as is the rate for those, like defendant, in their fifties, see U.S. Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines 12 (May 2004). Coupled with defendant's solid work record, good performance on pre-trial release, and strong family support, I saw a limited need to protect the public. See 18 U.S.C. § 3553(a)(2)(C). Likewise, because defendant had never before served any time in jail, I found a below range sentence sufficient to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B).

Under all the circumstances, I found a sentence of 24 months sufficient but not greater than necessary. I acknowledged that the safety valve and acceptance of responsibility reductions partially accounted for the positives discussed above, but I found some further

5

consideration appropriate. This sentence varied from the guidelines, but modestly, and because it was based on the specific facts discussed herein it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

**III.**

Therefore, I committed defendant to the custody of the Bureau of Prisons for 24 months. Upon release, I ordered him to serve three years of supervised release, with conditions including drug testing and treatment and repayment of the "buy money" expended in the investigation. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge